OPINION
{¶ 1} Defendant-appellant, Fontaine Sims, appeals from the May 10, 2004 decision and entry of the Franklin County Court of Common Pleas denying his motion for judicial release/shock probation.
 {¶ 2} The relevant procedural history begins with appellant's 1996 conviction, following a jury trial, of three counts each of aggravated robbery and kidnapping, and all firearm specifications associated therewith. On appellant's appeal of his convictions and sentence, this court affirmed his convictions but remanded the case for resentencing. See State v. Sims (Feb. 20, 1997), 10th Dist. No. 96APA05-676. Following remand, the trial court sentenced appellant to one term of 10 to 25 years, to be served consecutively to two concurrent 10- to 25-year sentences, plus three additional years of actual incarceration for the merged firearm specifications. When appellant filed his motion for judicial release/shock probation, he had served in excess of seven years of his sentence.
 {¶ 3}
In its decision and entry, the trial court concluded that R.C. 2929.20, which governs judicial release, does not apply to appellant. That statute applies only to offenses committed after July 1, 1996, and appellant's convictions arose out of conduct that occurred in 1995. Thus, the court concluded, appellant's motion was to be treated as one for shock probation pursuant to former R.C. 2947.061. The trial court denied the motion for shock probation because, it concluded, the plain language of R.C. 2947.061 precludes shock probation for any offender whose sentence, like that of appellant, includes some period of actual incarceration.
 {¶ 4} Appellant timely appealed, and asserts one assignment of error for our review, as follows:
Whether the Trial Court erred in finding Defendant-appellant was not eligible for Shock Probation as a matter of law.[1]
 {¶ 5} In support of his assignment of error, appellant argues that R.C. 2947.061(B) can reasonably be interpreted to permit the filing of an application for shock probation, even by an offender whose sentence includes a period of actual incarceration, so long as the offender has served an amount of time equal to or greater than the amount of time of actual incarceration to which he was originally sentenced. The State argues that the statute is clear and wholly precludes eligibility for shock probation for an offender sentenced to any period of actual incarceration.
 {¶ 6} But the more fundamental issue that the State raises in its brief is that this court is without jurisdiction to review the judgment appealed from because the same is not a final appealable order.
 {¶ 7} The Ohio Constitution confers upon courts of appeals "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals." Section 3(B)(2), Article IV, Ohio Constitution. R.C.2505.02 sets forth the features of "final orders" subject to review by Ohio's appellate courts. The Supreme Court of Ohio has held that "a trial court's order denying shock probation pursuant to former R.C. 2947.061(B) is not a final appealable order" susceptible of appellate review, under R.C. 2505.02. State v. Coffman (2001), 91 Ohio St.3d 125, 742 N.E.2d 644, syllabus. (Emphasis added.)
 {¶ 8} We adhere to this clear and unqualified statement of law, and thus conclude that we lack jurisdiction to review the judgment denying appellant's motion for shock probation. Accordingly, the instant appeal must be, and hereby is, sua sponte dismissed for lack of subject matter jurisdiction.
Appeal dismissed.
Bryant and Deshler, JJ., concur.
Deshler, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] In appellant's brief, he denominates this question as the Statement of Issues Presented For Review. See App.R. 16(A)(4). However, we treat it as the Statement of the Assignment of Error because appellant did not include a separate Statement of Assignment of Error in his brief, pursuant to App.R. 16(A)(3), and his Argument is confined solely to the issue identified in the foregoing statement.